Stephen A. CHERRY, Plaintiff-Appellant,

v.

DeWayne SHEDD; et al., Defendants-Appellees.

No. 16-35921

United States Court of Appeals,
Ninth Circuit.

Submitted February 13, 2018 *

Filed February 22, 2018

Stephen A. Cherry, Pro Se

Emily A. Mac Master, Office of Attorney General, Boise, ID, for Defendants-Appellees DeWayne Shedd, Brent Reinke

Mark Kubinski, Esquire, Deputy Assistant Attorney General, Office of the Idaho Attoney General, Boise, ID, Emily A. Mac Master, Office of Attorney General, Boise, ID, Mary Karin Magnelli, AGID—Idaho Office of the Attorney General, Boise, ID, for Defendants-Appellees Jeff Kirkman, Randy Higgins, Andrea Blades

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

MEMORANDUM **

Idaho state prisoner Stephen A. Cherry appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging an access-to-courts claim. We have jurisdiction under 28 U.S.C.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo. *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment on Cherry's access-to-courts claim against defendant Higgins because Cherry failed to raise a genuine dispute of material fact as to whether he suffered an actual injury as a result of defendant Higgins's misplacement of his legal materials. *See Lewis v. Casey*, 518 U.S. 343, 348-53, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (access-to-courts claim requires the plaintiff to show that the defendants' conduct caused actual injury to a non-frivolous legal claim); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1101-04 (9th Cir. 2011) (discussing access-to-courts claims arising from "active interference"), *overruled on other grounds as stated by Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015).

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.